Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Elina E. Kharit, Esq. (SBN 261029)
ekharit@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WALMSLEY, <br><br> Plaintiff, <br><br> v. <br><br> NETEASE, INC., <br><br> Defendant. | Case No.: 2:20-cv-00863-AB-PJW <br> <u>Hon. André Birotte Jr. Presiding</u> <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: September 25, 2020 <br> Time: 10:00 a.m. <br> Location: 7B– 1st Street |

By and through their attorneys of record, who are set forth below, plaintiff John Walmsley ("Plaintiff") and defendant NetEase, Inc. ("Defendant" or "NetEase") have prepared and hereby submit this jointly signed Joint Rule 26(f) Report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1, and this Court's Order Setting Scheduling Conference (ECF No. 26).

A. **STATEMENT OF THE CASE**

1. **Plaintiff's Statement**

John Walmsley is a British documentary photographer based in England. Walmsley work has been featured in the Guildford Museum and is held in the permanent collections of the National Portrait Gallery, London, and the Bibliotheque Nationale, Paris, among others.

Defendant NetEase is a leading Chinese internet technology company providing premium online services centered around content, communications, and commerce. NetEase develops and operates some of China's most popular mobile and PC-client games.

The Subject Photographs were timely registered with the United States Copyright Office. Walmsley alleges that Defendant NetEase has engaged in infringing activity by publishing the Subject Photographs on its online platform, http://163.com, without his authorization. This conduct violated Walmsley's exclusive rights in the Subject Photographs.

Plaintiff believes that Defendants' infringement was willful. Defendants knew or reasonably should know that photographs are protected by copyright, and thus it was a minimum reckless for Defendants to use Walmsley's images without securing a license or permission to do so.

2. **Defendant's Statement**

NetEase is a holding company with its principal executive offices located in China. NetEase's employees are all located in China. NetEase does not have any employees, offices, or business operations in the United States, and it does not own or lease any property in the U.S. NetEase is not, and never has been, registered to do business in the State of Delaware, or in any other state in the United States. NetEase does not provide or offer any services or products in the United States.

Plaintiff alleges infringement of two copyright-protected photographs by the website 163.com, a Chinese-language website. NetEase does not own, maintain, or operate 163.com. NetEase has not overseen the daily operations of 163.com or directed or contributed to the content posted on these sites, including the alleged posting or display of Plaintiff's images. Nor does NetEase oversee the daily operations of 163.com or direct or contribute to the content posted on 163.com. NetEase was unaware of the Plaintiff's images until the filing of the complaint in this action.

163.com is owned and operated by a third party, Guangzhou NetEase Computer System Co., Ltd. ("GNCS"), a China-based company. GNCS is not a direct or indirect subsidiary of NetEase. GNCS has entered into a contractual arrangement with one of NetEase's indirect subsidiaries.

NetEase is not directly or secondarily liable for the alleged infringement. There is no evidence that any infringing acts occurred in the United States. Further, NetEase has no claim-related connection with the United States giving rise to personal jurisdiction. Discovery will confirm the lack of such contacts under, *inter alia*, the "effects test" of the "purposeful direction" inquiry used to determine personal jurisdiction for tort claims (including copyright claims). *See Calder v. Jones*, 465 U.S. 783 (1984).

**B.** **SUBJECT MATTER JURISDICTION**

    **1.** **Plaintiff's Statement**

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**2. Defendant's Statement**

Plaintiff alleges claims for copyright infringement. NetEase disputes that any infringement occurred in the United States giving rise to subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**C. LEGAL ISSUES**

**1. Plaintiff's Statement**

Plaintiff contends that there can be no real issue as to his ownership of valid copyrights in the work at issue, as they are photographs he has taken, and no real dispute that those photographs were reproduced on the 163.com website. The primary legal issues in this case related to liability are thus is whether the use of the Subject Photographs was infringing, and whether Defendant is liable for that use, either directly or secondarily. In addition, there will be issues related to available damages and attorney's fees, which may turn at least in part on whether any infringement was willful, innocent, or neither.

**2. Defendant's Statement**

NetEase identifies the following legal issues:

- Whether Plaintiff is the author of and owns the photographs asserted in this action.
- Whether Plaintiff owns valid copyright registrations for the works asserted, including whether Plaintiff provided inaccurate information to the U.S. Copyright Office that, had the Copyright Office had known of such inaccuracy, would have resulted in refusal of registration.
- Whether any infringing acts occurred in the United States giving rise to subject matter jurisdiction, liability, or damages.
- Whether Plaintiff's allegations of infringement as stated in the complaint have a factual basis and are supported by evidence.

- Whether NetEase is directly liable for the alleged infringement of Plaintiff's copyrighted works on 163.com, which NetEase does not own, maintain, or operate.
- Whether any third party is directly liable under U.S. copyright law for the alleged infringement.
- Whether NetEase is secondarily liable – including under theories of contributory infringement or vicarious liability – for the alleged infringement of Plaintiff's copyrighted works on 163.com, which NetEase does not own, maintain, or operate.
- The amount of damages Plaintiff may seek to recover, including actual damages and profits attributable to the alleged infringement.
- Whether Plaintiff is entitled to elect statutory damages, and the amount of statutory damages recoverable.
- Whether NetEase is entitled to the recovery of its costs and attorney's fees as the prevailing party.
- Whether NetEase is subject to personal jurisdiction in this matter, including whether NetEase is subject to personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure where, *inter alia*, NetEase has no claim-related contacts with California or the United States, and whether issue preclusion bars NetEase from challenging personal jurisdiction on summary judgment or in other proceedings in this case.

D. **PARTIES, EVIDENCE, etc.**

The parties are Plaintiff John Walmsley and Defendant NetEase, Inc.

1. **Plaintiff's Additional Statement**

Plaintiff contemplates adding Guangzhou NetEase Computer System Co., Ltd into this case as a defendant, and also sued unnamed "Doe" defendants. Should

Defendants reveal in Initial Disclosures or discovery responses any third parties involved in the chain of alleged infringement of the Subject Photographs, Plaintiff will move to add such entities as parties to this action in place of Doe Defendants.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

## 2. Defendant's Additional Statement

On August 20, 2020, the Court issued an order denying Plaintiff's notice of Doe amendment to add Guangzhou NetEase Computer System Co., Ltd. as a defendant, and dismissing all "Doe" defendants from the *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases. *See* ECF No. 51. It is Defendant's position that Plaintiff has no basis to move to add Guangzhou NetEase Computer System Co., Ltd. (in light of ¶ 1 of the Court's Standing Order) or to add parties in place of Doe defendants (as all Doe defendants have been dismissed).

In response to the Court's directive that "[f]or conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates" (ECF No. 26, at 3) NetEase refers to the chart depicting its direct and indirect subsidiaries, and companies that have entered into contractual arrangement with its indirect subsidiaries, set forth in ¶ 7 of the Liu declaration. *See* ECF No. 21-2.

With respect to percipient witnesses, NetEase identifies the following:

- **John Walmsley**. Mr. Walmsley can provide information on to the origins, creation, authorship, ownership, applications to register, and registrations of the asserted photographs; the licenses, sales, distribution, publication, and display of the asserted photographs; the revenue, costs, and profits associated with the asserted photographs; any settlement agreements and terms with respect to other accused infringers; Plaintiff's claims for damages for the alleged infringement; and, Plaintiff's connection to the United States and California.

- **Yang Liu**. Yang Liu can provide information as to the corporate structure of NetEase, Inc., its lack of control of the 163.com website, and its lack of contacts with the United States.

NetEase identifies the following key documents:

- The complaint (ECF No. 1).
- Plaintiff's applications to register the asserted photographs.
- Plaintiff's certificates of registration with the U.S. Copyright Office.
- Plaintiff's agreements with third parties concerning the creation of the asserted photographs.
- Plaintiff's agreements with third parties for the licensing, sale, or transfer of rights in the Photographs.
- Plaintiff's correspondence with third parties concerning the asserted photographs.
- Plaintiff's correspondence and settlement agreements with third parties concerning the asserted photographs.
- NetEase's motion to dismiss and supporting papers (ECF Nos. 21, 21-1, 21-2, 21-3, 35, 36).
- Relevant agreements between NetEase and its direct and indirect subsidiaries.

In addition to discovery of the parties, NetEase expects that this case may involve extensive discovery of non-parties located outside of the United States. Plaintiffs in the related *Ledergerber*, *Walmsley*, and *Kühmstedt* cases reside outside of the U.S. Discovery of foreign non-parties may be required to determine issues of ownership, licensing arrangements, and license fees earned in connection with all Plaintiffs' asserted photographs. Moreover, Plaintiff may attempt to seek discovery of non-party GNCS, which is based in China. Such foreign non-party discovery may require requests for the taking of evidence under the Hague Convention. This,

combined with expected disruptions caused by the COVID-19 pandemic, may cause significant delays in the taking and completion of discovery.

E. **DAMAGES**

    1. **Plaintiff's Statement**

Plaintiff anticipates seeking statutory damages in this case for the unauthorized use of the two photographs at issue, including the reproduction of those images on a network of US-based servers for distribution and display to the millions of monthly US-based viewers of the 163.com website.

    2. **Defendant's Statement**

NetEase denies that Plaintiff is entitled to any damages, injunctive relief, or other relief. There is no evidence that any infringing acts occurred in the United States. There is no evidence that Plaintiff suffered actual damages, or that NetEase earned any profits attributable to the alleged infringement. Moreover, if Plaintiff seeks statutory damages, it would be limited to two awards for the two allegedly copyrighted works asserted, Copyright Reg. Nos. VA 1-806-150 and VA 1-981-347. There is no willful infringement, and as statutory damages awards for non-willful infringement typically range from $750 to $30,000 per work infringed, NetEase anticipates that any award of statutory damages would result in total damages ranging between $1,500 to $60,000.

F. **INSURANCE**

    1. **Plaintiff's Statement**

Plaintiff does not have insurance coverage for the claims at issue.

    2. **Defendant's Statement**

NetEase does not have insurance coverage relevant to the issues or potential liability related to this litigation.

## G. MOTIONS

### 1. Plaintiff's Statement

Plaintiff may wish to move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of Plaintiff's proprietary designs. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants (other than Guangzhou NetEase Computer System Co., Ltd.).

### 2. Defendant's Statement

Defendant does not currently anticipate filing motions seeking to add other parties or claims, file amended pleadings, or transfer venue. Defendant may file such motions upon learning relevant facts in discovery warranting motion practice.

In light of ¶ 1 of the Court's Standing Order requiring dismissal of any defendants not served within 90 days after the case is filed, NetEase does not believe that a motion to add additional defendants is permitted.

## H. DISPOSITIVE MOTIONS

### 1. Plaintiff's Statement

Plaintiff anticipates filing a Motion for Partial Summary Judgment for liability as to Defendants for copyright infringement by the deadline for dispositive motions. Plaintiff anticipates filing this motion after sufficient discovery has been completed. Plaintiff also will not seek bifurcation.

*See* Exhibit A – Schedule of Pretrial and Trial Dates Worksheet for applicable motion deadlines.

### 2. Defendant's Statement

NetEase currently anticipates filing a motion for summary judgment on the following grounds:

- NetEase is not directly liable for the alleged infringement of Plaintiff's works on 163.com.

- NetEase is not secondarily liable – including under theories of contributory infringement and vicarious liability – for the alleged infringement of Plaintiff's works on 163.com.
- NetEase is not liable under the U.S. Copyright Act for alleged infringements occurring outside of the United States.
- Subject to discovery and an opinion of the U.S. Copyright Office, the copyright registrations for the asserted copyrights are invalid under 17 U.S.C. § 411(b).
- The Court lacks personal jurisdiction over NetEase, as the factual record further developed in discovery confirms the lack of, *inter alia*, purposeful direction and claim-related contacts to the U.S.

## I. MANUAL FOR COMPLEX LITIGATION

This case should not utilize the procedures of the Manual for Complex Litigation.

## J. STATUS OF DISCOVERY

To date, no discovery requests have been served, and no discovery has been produced, by either party.

## K. DISCOVERY PLAN

### 1. Rule 26(a) Disclosures

The parties will serve their respective Rule 26 disclosures by September 18, 2020.

### 2. Subjects on Which Discovery May Be Needed

#### a. Plaintiff's Statement

Plaintiff anticipates using all discovery procedures allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, to be completed in accordance with the scheduling order. Plaintiff further anticipates an initial round of written discovery to be propounded by the end

of September 2020. Follow-up written discovery and conferring over and otherwise resolving any discovery disputes should be completed by the end of April 2021. Plaintiff anticipates that each party, as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. Plaintiff anticipates these depositions being taken during the discovery period.

*See* Exhibit A - Schedule of Pretrial and Trial Dates Worksheet for applicable discovery deadlines.

### b. Defendant's Statement

NetEase anticipates taking discovery of Plaintiff and third parties, both inside and outside the United States on subjects that include the following:

- The origins, creation, authorship, and ownership of the asserted photographs.
- Any agreements Plaintiff has entered into with third parties with respect to the asserted photographs, including any agreements involving the license, transfer, distribution, publication, and display of the photographs.
- Any revenue, costs, and profits associated with the asserted photographs.
- Any settlement negotiations and agreements entered into by Plaintiff and other accused infringers.
- Plaintiff's applications to register the copyrights in the asserted photographs, including the information known and provided by Plaintiff in relation to his applications for copyright registration.
- Plaintiff's connection to the United States and California.
- Plaintiff's claims for damages for the alleged infringement.
- The corporate structure of NetEase, Inc. related to this case.
- NetEase's lack of involvement with 163.com and the alleged infringement of the asserted photographs.

- NetEase's lack of claim-related contacts with California and the United States.

### 3. Discovery Limits and Phasing

The parties anticipate entering into an appropriate stipulated protective order governing the disclosure and use of confidential or sensitive information or documents exchanged during discovery.

#### a. Plaintiff's Additional Statement

Plaintiff additionally anticipates significant delays in conducting discovery because NetEase and other parties are located in China. China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Under the Hague Convention, to which China is a party, the Chinese Ministry of Justice is the Chinese Central Authority for the Hague Evidence Convention that is designated to receive letters of request for the taking of evidence. China's restrictions to obtaining meaningful discovery for matters pending abroad present exceptional circumstances that are certain to delay Plaintiff's ability to obtain necessary information and evidence in this matter. Therefore, Plaintiff anticipates that the proposed dates be moved out six (6) months, outside of the 18 month window of filing the complaint, to account for the current status of the case and likely future discovery issues.

Plaintiff objects to Defendant's efforts to cabin Plaintiff's discovery and/or lump it in with other aggrieved copyright holders pursuing claims against NetEase.

#### b. Defendant's Additional Statement

NetEase proposes that, to reduce costs and avoid unnecessary and duplicative discovery, Plaintiffs in the related *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt*

cases serve consolidated discovery requests (requests for production, interrogatories, and requests for admission) on NetEase, rather than individual or piecemeal requests.

NetEase proposes that Plaintiffs in the related *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases be limited, collectively, to no more than 25 interrogatories of NetEase.

NetEase has no relevant information or documents concerning the alleged infringement of 163.com. NetEase proposes limiting discovery to written and documentary evidence showing the corporate structure of NetEase, Inc. related to the case, the lack of involvement with 163.com (including lack of involvement with the alleged infringement), and the lack of claim-related contacts with the United States and California. As NetEase has no involvement with the website at issue, it proposes limiting discovery to these matters to reduce unnecessary costs and burdens on both parties.

NetEase notes that discovery of NetEase would be limited to documents and information within NetEase's possession, custody, or control. Discovery of NetEase would not include discovery of GNCS, a non-party to this case that is based in China.

The People's Republic of China has extremely restrictive laws that limit discovery in China for use in foreign proceedings. For example, witnesses and attorneys involved in depositions for use in foreign proceedings, including a remote deposition, risk arrest and imprisonment. No depositions should proceed, either remotely or by video, on Chinese soil. If NetEase is served with a notice for a deposition seeking discovery that, if provided, would violate Chinese law, NetEase anticipates it will move for a protective order to limit or prevent such discovery.

In addition, health concerns and the recent quarantine restrictions and travel bans instituted in connection with the ongoing COVID-19 global pandemic will make travel and any permitted cross-border discovery difficult, if not impossible. NetEase anticipates it will move for appropriate protective orders to address such concerns.

### 4. Disclosure, Discovery, or Preservation of ESI

The parties anticipate negotiating and entering into a stipulated agreement on the production of electronically stored information ("ESI"). The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery.

### 5. Claims of Privilege, Work Product Protection, or Other Orders

To date, there have been no disputes related to claims of privilege or work product protection in this litigation. The parties anticipate filing a stipulated protective order with an appropriate clawback provision that comports with Rule 502 of the Federal Rules of Evidence for the Court's consideration in the near future.

## L. DISCOVERY CUT-OFF

### 1. Plaintiff's Statement

Because the Court has required that the Parties propose a trial date within 18 months of the Complaint's filing, Plaintiff proposes a non-expert discovery cut-off of April 9, 2021. However, he does not believe that will afford the parties sufficient time in discovery given the delays caused by the recently decided motions to dismiss and the likelihood that foreign discovery will be required. So owing, Plaintiff requests that the Court extend the discovery cut-off date by six (6) months to October 9, 2021.

### 2. Defendant's Statement

NetEase proposes a non-expert discovery cut-off of December 11, 2020. NetEase anticipates that the parties may seek an extension of the discovery cut-off date to reflect possible delays arising from third-party discovery outside of the U.S. and from disruptions associated with the COVID-19 pandemic.

//

//

**M.** **EXPERT DISCOVERY**

    **1.** **Plaintiff's Statement**

Plaintiff proposes the following schedule for expert discovery:

- Initial expert witness disclosures: April 16, 2021
- Rebuttal expert witness disclosures: April 27, 2021
- Expert discovery cut-off: May 7, 2021

As already mentioned in this report, dates are the latest proposed dates in compliance with this Court's order requiring that a trial date be scheduled within 18 months of the filing of the complaint. However, based on the delays anticipated due to the challenges of obtaining discovery from defendants in China, and on the basis outlined in Section 3 a. above, Plaintiff proposes extending the expert discovery deadlines by six (6) months to October 16, 2021, October 27, 2021 and November 7, 2021 respectively.

    **2.** **Defendant's Statement**

NetEase proposes the following schedule for expert discovery:

- Initial expert witness disclosures: January 8, 2021.
- Rebuttal expert witness disclosures: February 5, 2021.
- Expert discovery cut-off: February 19, 2021.

NetEase anticipates that the parties may seek an extension of the expert discovery schedule to reflect possible delays arising from third-party discovery outside of the U.S. and from disruptions associated with the COVID-19 pandemic.

**N.** **SETTLEMENT**

    **1.** **Plaintiff's Statement**

Plaintiff extended a modest early demand (before Defendant filed its motion to dismiss). Defendant has made no offers. Plaintiff is amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

### 2. Defendant's Statement

Plaintiff has proposed discussing settlement in this matter. NetEase is amenable to using Central District Settlement Procedure Nos. 2 (appearing before a neutral selected from the Court's Mediation Panel) and 3 (participating in a private dispute resolution proceeding).

### O. TRIAL ESTIMATE

#### 1. Plaintiff's Statement

Plaintiff has requested a jury trial. The parties estimate the trial in this matter to last between 2-3 court days.

#### 2. Defendant's Statement

In light of disruptions caused by the COVID-19 pandemic, NetEase proposes holding a bench trial. NetEase estimates three to four days for trial of the *Walmsley* matter. NetEase currently anticipates calling two fact witnesses and three expert witnesses.

### P. TRIAL COUNSEL

For Plaintiff: Stephen M. Doniger, Scott Alan Burroughs, Elina E Kharit.

For Defendant: Stefan Mentzer, Matthew Lewis, Daniel Ledesma, and Timothy Keegan.

### Q. INDEPENDENT EXPERT OR MASTER

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

### R. SCHEDULE WORKSHEET

*See* Exhibit A – Schedule of Pretrial and Trial Dates Worksheet.

The Court has directed the Parties to propose a trial date that is within 18 months after the complaint was filed, and the attached worksheet reflects the Court's directive. To the extent the Court is willing to hold a trial that begins later than 18 months after the filing of the complaint to reflect, *inter alia*, the disruptions caused by

the ongoing COVID-19 pandemic, both parties are open to discussing and proposing an alternative case schedule.

### 1. Plaintiff's Additional Statement

Plaintiff objects to coordinating fact and expert discovery and dispositive briefing in the *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases. All four cases concern different plaintiffs (three of whom reside outside of the U.S.), different types of issues (some cases include DMCA arguments, while others do not), and different types of uses and ownership, and coordination of these dates as proposed by NetEase would frustrate the objectives of each unique Plaintiff.

Plaintiff further objects to have the expert discovery cut-off date occur before the deadline to file motions for summary judgment. The discovery period is already tight, and Plaintiff anticipates significant delays in obtaining discovery from Defendant in China and third-party discovery outside of the U.S. Moreover, the nature of this case is not such where expert discovery will be critical to summary judgement.

### 2. Defendant's Additional Statement

NetEase proposes to coordinate fact and expert discovery and dispositive briefing in the *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases, to reduce the burden on the parties and the Court. Attached as Exhibit B is a chart that summarizes NetEase's proposed dates across the *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases. As part of its proposal:

- NetEase proposes, across the four cases, the same deadlines for hearing motions to amend the pleadings or add parties, non-expert discovery cut-off, initial expert disclosures, rebuttal expert disclosures, expert discovery cut-off, hearing summary judgment motions, and completing the settlement conference. These dates are shaded in gray in Exhibit B.

- NetEase proposes that the expert discovery cut-off date occur before the deadline to file motions for summary judgment, as expert opinions in the case may be relevant to the determination of such motions.
- NetEase proposes four weeks between initial expert disclosures and rebuttal expert disclosures. NetEase expects Plaintiff will serve an initial expert report setting forth Plaintiff's calculation of damages. NetEase believes that one month is a reasonable time to allow any rebuttal expert it may retain to prepare his or her opinions.

**S.    OTHER ISSUES**

As noted above, the parties anticipate several issues that will affect the status and management of this case, including:

- The need for extensive foreign third-party discovery in the *Stross*, *Ledergerber*, *Walmsley*, and *Kühmstedt* cases, including of foreign-language speaking parties.
- Legal restrictions in the People's Republic of China that may prohibit the taking of evidence, including depositions, for use in U.S. proceedings.
- Continuing disruptions arising from the COVID-19 pandemic that may impede the parties' ability to take and complete discovery.

//
//
//
//
//
//
//

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Respectfully submitted,

Dated: September 11, 2020    By:    /s/ *Stephen M Doniger*
Stephen M. Doniger, Esq.
Elina E. Kharit, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

Dated: September 11, 2020    By:    /s/ *Stefan Mentzer*
Stefan Mentzer, Esq.
WHITE & CASE LLP
Attorney for Defendant

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 11, 2020    By:    /s/ *Stephen M Doniger*
Stephen M. Doniger, Esq.

# **EXHIBIT B**

| NetEase's Proposed Schedule | | | | | |
|---|---|---|---|---|---|
| **Event** | **Weeks Before FPTC** | *Stross* | *Ledergerber* | *Walmsley* | *Kühmstedt* |
| Trial (Tuesday, 8:30 am) | | June 29, 2021 | July 13, 2021 | July 27, 2021 | Aug. 31, 2021 |
| Final Pretrial Conference ("FPTC") (at least 17 days before Trial) | | June 11, 2021 | June 25, 2021 | July 9, 2021 | Aug. 13, 2021 |
| Last Date to Hear Motion to Amend Pleadings/Add Parties | | Nov. 6, 2020 | Nov. 6, 2020 | Nov. 6, 2020 | Nov. 6, 2020 |
| Non-Expert Discovery Cut-Off | 17 | Dec. 4, 2020 | Dec. 4, 2020 | Dec. 4, 2020 | Dec. 4, 2020 |
| Expert Disclosure (Initial) | | Dec. 18, 2020 | Dec. 18, 2020 | Dec. 18, 2020 | Dec. 18, 2020 |
| Expert Disclosure (Rebuttal) | | Jan. 22, 2021 | Jan. 22, 2021 | Jan. 22, 2021 | Jan. 22, 2021 |
| Expert Discovery Cut-Off | 12 | Feb. 5, 2021 | Feb. 5, 2021 | Feb. 5, 2021 | Feb. 5, 2021 |
| Last Day to Hear Motions (must be a Friday) Rule 56 Motion must be filed 5 weeks before this | 12 | Mar. 19, 2021 | Mar. 19, 2021 | Mar. 19, 2021 | Mar. 19, 2021 |
| Deadline to Complete Settlement Conference | 10 | Apr. 2, 2021 | Apr. 2, 2021 | Apr. 2, 2021 | Apr. 2, 2021 |
| Trial Filings (First Round) | 3 | May 21, 2021 | June 4, 2021 | June 18, 2021 | July 23, 2021 |
| Trial Filings (Second Round) | 2 | May 28, 2021 | June 11, 2021 | June 25, 2021 | July 30, 2021 |